MARGARET A. MCLETCHIE, Nevada Bar No. 10931
LEO S. WOLPERT, Nevada Bar No. 12658
**MCLETCHIE LAW**
602 South Tenth Street
Las Vegas, NV 89101
Telephone: (702) 728-5300
Fax: (702) 425-8220
Email: maggie@nvlitigation.com
*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROY TROST, aka DAISY LYNN MEADOWS, and JUSTIN MENODZA, aka AMBER RENEE MENDOZA,<br><br>Plaintiff,<br>vs.<br><br>CHARLES DANIELS, et. al.<br><br>Defendants | **Case. No.:** 3:22-cv-00205-ART-CLB<br><br>ORDER GRANTING **STIPULATION REGARDING CONSOLDIATED COMPLAINT AND DISCOVERY PLAN AND SCHEDULING ORDER** |

Plaintiffs DAISY LYNN MEADOWS and AMBER RENEE MENDOZA, by and through their attorneys of record, Margaret A. McLetchie and Leo S. Wolpert with McLetchie Law Group, and Defendants CHARLES DANIELS, MICHAEL MINEV, RAY RIVERA, WILLIAM GITTERE, DOCTOR EXXUM, TASHEENA COOKE, M.H. HAYMAN, DON PERKINS, WILLIAM RUEBART, DAVID DRUMMOND, DEBORAH STRIPLIN, MAURO (first name unknown), STUBBS (first name unknown), ADAMS (first name unknown), STEVE SISOLAK, AARON FORD, BARBARA CEGAVSKE, MICHAEL MINER, HAROLD WICKHAM, JOHN BOWMAN, BRIAN WILLIAMS, JAMES JONES, JENNIFER BAUER, MARY ORTIZ, WARDEN GARRETT, KENNETH WING, LIEUTENANT CLARK, WARDEN HARTMAN, WARDEN BACA, NETHANJAH CHILDERS, CALDWELL BAR, DR. PENCE, JESSICA RANBER, DON DONNELLY, DR. NAUGHTOR, LIEUTENANT PRESTON, LIEUTENANT WHITMER, CORRECTIONS OFFICER TOBBLER, NATHAN HUGHES, CORRECTIONS OFFICER

1  JONES, ELY STATE PRISON LAW LIBRARY SUPERVISOR "ROSE", LISA WALSH, KARA LEGRAND, DR. SAUNDERS, CASEWORKER MEIRS, TRAVIS BENNETT, CORRECTIONS OFFICER TAFFLIMIER, SERGANT "LBJ", CORRECTIONS OFFICER "CBI", and Interested Party, NEVADA DEPARTMENT OF CORRECTIONS, by and through Douglas R. Rands with the Office of the Attorney General, who is appearing for Interested Party Nevada Department of Corrections for the limited purpose of settlement discussions (collectively "Parties"), hereby submit this Stipulation and Stipulated Discovery Plan and Scheduling Order for the Court's approval. The Parties met and conferred via phone on January 19, 2023, and had a telephonic conference with the Court regarding this Discovery Plan and Scheduling Order on January 20, 2023. The Parties further conferred via email on February 6, 2023, regarding the deadline to file the Second Amended Complaint.

**SPECIAL SCHEDULING REVIEW REQUESTED PURSUANT TO LR 26-1(d)**

The claims presented by the Plaintiffs require complex and atypical discovery not common in most civil suits. This case has two Plaintiffs and is a matter in which four cases which have been consolidated. Further, it will likely require the testimony of specialized experts, multiple fact witnesses, depositions, and discovery responses from multiple defendants. As such, the unique approach set forth herein is appropriate for this matter.

**SCHEDULE FOR AMENDED COMPLAINT AND REPSONSE**

1. Second Amended Complaint

The last day to file Plaintiffs' Second Amended Complaint will be **Friday, March 17, 2023**.

2. Screening Order

The Court shall expedite screening of Plaintiffs' Second Amended Complaint.

3. Acceptance of Service

The Parties shall meet and confer as to whether Mr. Rands will accept service of the Second Amended Complaint on behalf of Defendants.

///

///

4. Answer to Second Amended Complaint

a) Defendants will have thirty (30) days to Answer Plaintiffs' Second Amended Complaint from the date the Court issues a Screening Order.

b) If a Screening Order is not issued prior to March 17, 2023, Defendants will have thirty (30) days to Answer Plaintiffs' Second Amended complaint from the date of service.

c) If a Screening Order is issued after service of Plaintiffs' Second Amended Complaint, Defendants will have thirty (30) days from the date of Screening Order or from the date of service, whichever is later.

**INFORMATION PURSUANT TO LR 26-1 AND FRCP 26(f)**

1. Discovery Cut-Off Date; Estimate of Time Required for Discovery (LR 26-1(b)(1); Fed. R. Civ. P. 16(b)):

In accordance with Local Rule 26-1(e)(1), the one hundred eighty (180) day discovery period will begin on the service date of Defendants' Answer to Plaintiffs' Second Amended Complaint.

2. Amendment of Pleadings and Addition of Parties

The last day to file motions to amend the pleadings or to add parties is ninety (90) days from the expiration of the discovery period.

3. Certification of Alternative Dispute Resolution (LR 26-1(b)(7); Discussions Regarding Settlement (Fed. R. Civ. P. 26(f)(2))

The Parties hereby certify that they met and conferred about the possibility of using alternative dispute-resolution (ADR) processes, including mediation and arbitration.

4. Certification of Alternative Forms of Case Disposition (LR 26-1(b)(8); Fed R. Civ. P. 73)):

The Parties hereby certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, use of the Short Trial Program (General Order 2013-01), but do not agree to have this trial heard by a magistrate judge nor do they agree to participate in the Short Trial Program.

3

**ADDITIONAL INFORMATION SUBMITTED PURSUANT TO FED. R. CIV. P. 26**

1. <u>Timing of Initial Disclosures (Fed. R. Civ. P. 26(f)(3)(A)):</u>

Pursuant to Fed. R. Civ. P. 26(a)(1)(C), initial disclosures are due within fourteen (14) days of the Rule 26(f) conference. The Parties have stipulated to exchange initial disclosures fourteen (14) days after filing of Defendants' Answer to Plaintiffs' Second Amended Complaint.

2. <u>Discovery Subjects and Phasing (Fed. R. Civ. P. 26(f)(3)(B)):</u>

Plaintiff intends to seek discovery on the following subjects:

- The incident(s) detailed and/or alleged in the Complaint and responsive pleadings;
- Pertinent policies, practices, and training;
- Whether similar incidents have occurred; and
- Damages.

Defendants intend to seek discovery on the following subjects:

- The incident(s) alleged in the Complaint, and information and documents relating to Plaintiff's claims; and
- Information relating to Plaintiff's claim for damages.

It is the Parties' view that discovery need not be conducted in phases, nor be limited to or focused on particular issues.

3. <u>Issues Regarding Electronically Stored Information ("ESI") (Fed. R. Civ. P. 26(f)(3)(C)):</u>

The Parties intend to further discuss and review the production of ESI. The parties intend to present evidence in electronic format to jurors for the purposes of jury deliberations.

4. <u>Procedures for Asserting Privilege or Work Product Protections; Other Orders (Fed. R. Civ. P. 26(f)(3)(D); Fed. R. Civ. P. 26(f)(3)(F)):</u>

The Parties intend to submit a Proposed Stipulated Protective Order to the Court.

/ / /

/ / /

5. <u>Changes Made to Limitations on Discovery (Fed. R. Civ. P. 26(f)(3)(E))</u>:

It is the parties' current view that, other than the bifurcated discovery plan set forth above, changes are not necessary, and that the Parties should proceed to engage in and supplement all discovery as permitted under the Federal Rules of Civil Procedure and the Local Court Rules, including Depositions, Interrogatories, Requests for Production of Documents, and Requests for Admissions.

6. <u>Extensions or Modifications of the Discovery Plan and Scheduling Order (LR 26-3)</u>:

In accordance with Local Rule 26-3, any request for an extension of this discovery plan or any of the individual dates herein shall be filed and served no later than twenty-one (21) days before the expiration of the subject deadline. Any motion of stipulation shall be supported by good cause and include:

a) A statement specifying the discovery completed;

b) A specific description of the discovery that remains to be completed;

c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

d) A proposed schedule for completing all remaining discovery.

**ADDITIONAL SCHEDULING INFORMATION**

1. <u>Status Check on Discovery</u>

The Court will schedule a status check on the progress of the Parties' discovery three (3) months into the discovery period.

2. <u>Status Check on Settlement Conference</u>

Upon the expiration of the discovery period, the Court will conduct a status check to determine the status of the case and referral to the settlement program.

3. <u>Discovery Prior to Settlement Resolution</u>

The Parties agree that by engaging in a settlement conference, neither party is waiving their rights or stipulating to limit their engagement in motion work prior to final resolution, including, but not limited to, Motions for Summary Judgment.

5

4.  Joint Status Report After Settlement

In the event that a resolution is achieved at the settlement conference, the Parties will file a status report within fourteen (14) days of conclusion of the settlement conference.

5.  Discovery Plan and Scheduling Order After Settlement

In the event that a resolution is not achieved at the settlement conference, the Parties will meet and confer regarding a renewed discovery plan and scheduling order within twenty-one (21) days of conclusion of the settlement conference. The Parties will submit this discovery plan and scheduling order within fourteen (14) days of their meet and confer effort. This discovery plan and scheduling order will address the need to conduct any remaining discovery or depositions, expert disclosures, and dispositive motions.

**IT IS SO STIPULATED.**

DATED this 17th day of February, 2023.

MCLETCHIE LAW

*/s/ Margaret A. McLetchie*
Margaret A. McLetchie, Esq.
Nevada Bar No. 10931
Leo S. Wolpert, Esq.
Nevada Bar No. 12658
602 South Tenth St.
Las Vegas, Nevada 89101
*Attorney for Plaintiff*

DATED this 17th day of February, 2023.

AARON D. FORD, Attorney General

*/s/ Douglas R. Rands*
Douglas R. Rands
100 N. Carson Street
Carson City, Nevada 89701
(775) 684-1150
drands@ag.nv.gov
D. Randall Gilmer
555 E. Washington St., Ste. 2600
Las Vegas, Nevada 89101
(702) 486-3774
*Attorneys for Defendants*

**IT IS SO ORDERED.**

**DATED:** February 21, 2023

_____
UNITED STATES MAGISTRATE JUDGE

6